# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HENRY T. PIETRASZEK, ) <br> ) <br> Defendant. ) <br> ) | JUDGE JOAN H. LEFKO <br><br> Case No. 01C 4047 <br><br> MAGISTRATE JUDGE ROSEMO <br><br> DOCKETED <br> JUN 0 1 2001 |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges the following:

1. Defendant Henry T. Pietraszek ("Pietraszek") avoided losses of $563,875.20 by selling 61,400 shares of Ventana Medical Systems, Inc. ("Ventana") common stock from June 23 to June 28, 2000 after learning as a Ventana board member that Ventana was going to announce lower than expected earnings and take a write off for the second quarter of 2000.

2. Pietraszek directly and indirectly, has engaged and, unless enjoined, will continue to engage in transactions, acts, practices, and courses of business which constitute and will constitute violations of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(1), §77q(a)(2), and §77q(a)(3)] and violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder.

3. The Commission brings this action to enjoin such transactions, acts, practices, and courses of business, and for other equitable relief, pursuant to Section 20(b) of the Securities Act

[15 U.S.C. §77t(b) and Sections 21(d), 21(e) and 21A of the Exchange Act [15 U.S.C. §§78u(d), 77u(e) and 78u-1(a)].

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

5. Pietraszek, directly and indirectly, has made use of the means and instrumentalities of interstate commerce and of the mails in connection with the transactions, acts, practices, and courses of business alleged herein within the jurisdiction of the Northern District of Illinois and elsewhere.

6. Pietraszek will, directly and indirectly, unless enjoined, have the opportunity to engage in the transactions, acts, practices, and courses of business set forth in this Complaint and in transactions, acts, practices, and courses of business of similar purport and object.

## THE DEFENDANT

7. Pietraszek, age 54, resides in Chicago, Illinois and in Naples, Florida. Pietraszek was President and Chief Executive Officer ("CEO") of Ventana from March 1997 through November 1999. From November 1999 through July 2000, Pietraszek was a member of Ventana's board of directors ("board"). Currently, Pietraszek is President of his own company where he works as a consultant to diagnostic and pharmaceutical companies.

## ENTITY INVOLVED

8. At all relevant times, Ventana was an Arizona corporation with its principal offices located in Tucson, Arizona. Ventana develops, manufactures and markets a broad range of laboratory instruments and systems. Ventana is a publicly held company, whose common stock

2

is registered pursuant to Section 12(g) of the Exchange Act [15 U.S.C. §78l(g)]. Ventana's stock is listed on the NASDAQ National Market.

## FACTS

9. At all relevant times, Ventana had a policy which prohibited all directors, officers or any employees having material, non-public information relating to Ventana from trading Ventana stock.

10. In early June 2000, Ventana management recognized a problem with the dispensers it used to store and dispense reagents on most of its immunohistochemistry staining instruments.

11. On June 21, 2000, Ventana's Chairman and Vice Chairman met with Ventana's senior management to review the dispenser problem. During this review, Ventana management discussed the negative impact of the faulty dispensers on second quarter earnings and the need for a write off to account for the faulty products.

12. On June 22, 2000, Ventana senior management decided to schedule a special meeting of the Ventana board for the following week, during which the board would discuss Ventana's lower than expected earnings and management's recommendation that Ventana take a write off in the second quarter.

13. On or before June 23, 2000, Ventana's Vice Chairman contacted Pietraszek and told him that a special board meeting would be held on June 27, 2000 to discuss Ventana's lower than expected second quarter earnings and Ventana management's recommendation for a significant write off in the second quarter.

14. Pietraszek participated in the June 27, 2000 board meeting via telephone. At that meeting, the Ventana board discussed the lower than expected second quarter earnings and

3

Ventana management recommended that Ventana take a write off totaling almost $12 million in the second quarter due to faulty products. Pietraszek was still present at the board meeting via telephone when the board approved management's recommendation for the write off.

15. On June 23, 26, 27 and 28, Pietraszek sold 600, 10,800, 15,000 and 35,000 shares of Ventana stock, respectively.

16. Pietraszek sold Ventana stock on June 23 through June 28, 2000 while in possession of material nonpublic information regarding Ventana's lower than expected earnings and write off in the second quarter.

17. At the time he sold Ventana stock on June 23 through June 28, 2000, Pietraszek knew that it was improper for him, as a Ventana board member, to sell Ventana securities while in possession of material, nonpublic information regarding Ventana's second quarter earnings shortfall and write off.

18. When he sold Ventana stock on June 23 through June 28, 2000, Pietraszek was aware that Ventana had an Insider Trading Policy prohibiting trading in Ventana stock while in possession of material, nonpublic information. Pietraszek knew that violating this policy could result in significant civil and criminal liability.

19. On June 29, 2000, Ventana publicly announced that it expected a second quarter operating loss between $16 and $20 million on revenue of approximately $18 million due to an earnings shortfall and write off in the second quarter. At the close of the market on June 28, 2000, the last trading day preceding the announcement, Ventana common stock traded at $28.50 per share. The day following the announcement, the Ventana stock price closed at $23.50 per share.

20. As a result of his trading activities on June 23, 26, 27 and 28, 2000, Pietraszek avoided losses of approximately $563,875.20 on the sale of 61,400 shares of Ventana common stock.

## COUNT I

### Violations of Section 17(a)(1) of the Securities Act
### [15 U.S.C. §77q(a)(1)]

21. Paragraphs 1 through 20 are realleged and incorporated by reference herein.

22. In June 2000, Pietraszek, in the offer or sale of securities, namely the sale of Ventana common stock, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, employed devices, schemes or artifices to defraud.

23. As part of the conduct described in Paragraph 21 and 22 above, Pietraszek, in breach of his fiduciary and similar duty to Ventana and its shareholders arising from his position of trust and confidence, sold Ventana stock while he was in possession of material, nonpublic information regarding the impending public announcement of Ventana's lower than expected second quarter earnings and write off.

24. Pietraszek knew or was reckless in not knowing the facts and circumstances described in Paragraphs 21 through 23 above.

25. By reasons of the activities described in Paragraphs 21 through 24 above, Pietraszek violated Section 17(a)(1) of the Securities Act [15 U.S.C. §77q(a)(1)].

5

## COUNT II

### Violations of Section 17(a)(2) of the Securities Act
### [15 U.S.C. §77q(a)(2)]

26. Paragraphs 1 through 20 are realleged and incorporated by reference herein.

27. In June 2000, Pietraszek, in the offer or sale of securities, namely the sale of Ventana common stock, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, obtained money or property by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

28. As part of the conduct described in Paragraph 26 and 27 above, Pietraszek, in breach of his fiduciary and similar duty to Ventana and its shareholders arising from his position of trust and confidence, sold Ventana stock while he was in possession of material, nonpublic information regarding the impending public announcement of Ventana's lower than expected second quarter earnings and write off.

29. By reasons of the activities described in Paragraphs 26 through 28 above, Pietraszek violated Sections 17(a)(2) of the Securities Act [15 U.S.C. §77q(a)(2)].

## COUNT III

### Violations of Section 17(a)(3) of the Securities Act
### [15 U.S.C. §77q(a)(3)]

30. Paragraphs 1 through 20 are realleged and incorporated by reference herein.

31. In June 2000, Pietraszek, in the offer or sale of securities, namely the sale of Ventana common stock, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, engaged

6

in transactions, practices or courses of business which would and did operate as a fraud or deceit upon purchasers and prospective purchasers of such securities.

32. As part of the conduct described in Paragraph 30 and 31 above, Pietraszek, in breach of his fiduciary and similar duty to Ventana and its shareholders arising from his position of trust and confidence, sold Ventana stock while he was in possession of material, nonpublic information regarding the impending public announcement of Ventana's lower than expected second quarter earnings and write off.

33. By reasons of the activities described in Paragraphs 30 through 32 above, Pietraszek violated Sections 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(3)].

## COUNT IV

### Violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder

34. Paragraphs 1 through 20 are realleged and incorporated by reference herein.

35. In June 2000, Pietraszek, in connection with the purchase and sale of securities, namely the sale of Ventana common stock, by the use of the means and instrumentalities of interstate commerce and by the use of the mails, directly and indirectly: employed devices, schemes, and artifices to defraud; made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and engaged in acts, practices and courses of business which would and did operate as a fraud and deceit upon the purchasers and sellers of such securities.

36. As part of the conduct described in Paragraph 34 and 35 above, Pietraszek, in breach of his fiduciary and similar duty to Ventana and its shareholders arising from his position

7

of trust and confidence, sold Ventana stock while he was in possession of material, nonpublic information regarding the impending public announcement of Ventana's lower than expected second quarter earnings and write off.

37. Pietraszek knew or was reckless in not knowing the facts and circumstances described in Paragraphs 34 through 36 above.

38. By reason of the activities described in Paragraphs 34 through 37 above, Pietraszek violated Section 10(b) of the Securities Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder.

## **PRAYER FOR RELIEF**

**THEREFORE,** the Commission respectfully requests that this Court:

### I.

Find that Pietraszek violated Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(1), §77q(a)(2), and §77q(a)(3)].

### II.

Find that Pietraszek violated Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)], and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder.

### III.

Grant a Final Judgment and Order of Permanent Injunction, Civil Penalties, and Other Equitable Relief ("Final Judgment"), in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently restraining and enjoining Pietraszek, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, from directly or indirectly, by use of the means and instruments of transportation or communication in

interstate commerce or by the use of the mails, engaging in the unlawful transactions, acts, practices, and courses of business described above, or any conduct of similar purport or object, in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(1), §77q(a)(2), and §77q(a)(3)] and Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)], and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder.

### IV.

Grant an Order requiring Pietraszek to pay to the registry of this Court disgorgement of his ill-gotten gains plus prejudgment interest.

### V.

Grant an Order requiring Pietraszek to pay to the Commission a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. §78u-1].

### VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VII.

Grant an Order for such further relief as the Court may deem appropriate.

Respectfully submitted,

Daniel R. Gregus
Pravin B. Rao
Helen A. Contos
Attorneys for Plaintiff
United States Securities and Exchange Commission
Suite 1400
500 W. Madison Street
Chicago, Illinois 60661
Telephone: (312) 353-7390

Dated: May 31, 2001

10

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as [required] by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required fo[r the use] of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
United States Securities and Exchange Commission

(Cat3)

### DEFENDANTS
Henry T. Pietraszek

JUDGE JOAN H. LEFK[OW]
MAGISTRATE JUDGE ROSEM[OND]

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Cook___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Cook___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF TH[E] TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel R. Gregus, Pravin B. Rao, Helen A. Contos
U. S. Securities and Exchange Commission
500 West Madison - Suite 1400
Chicago, Illinois 60661    (312) 353-7390

DOCKETED
JUN 0 1 2001

ATTORNEYS (IF KNOWN)
Steven M. Malina
Ungaretti & Harris
1500 Three First Nat'l Plaza
Chicago, Illinois 60602    (312) 977-4400

01C 404[7]

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FO[R PLAINTIFF] AND ONE BOX FOR DEFENDA[NT])
(For Diversity Cases Only)

|  | PTF | DEF |  | PT[F DEF] |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal [to District] Judge f[rom] Magistra[te] Judgme[nt]

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATU[TES] |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportion[ment] |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Bankin[g] |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC R[ates/etc.] |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influen[ced and] Corrupt Organizat[ions] |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 850 Securities/Commo[dities/] Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challen[ge] 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabiliz[ation Act] |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Ma[tters] |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation [Act] |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Det[ermination] Under Equal Acce[ss to Justice] |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality o[f] State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory A[ctions] |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Violations of Federal Securities laws: Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q) and Secti[on] 10(b) of the Exchange Act (15 U.S.C. § 78j) and Rule 10b-5 (17 C.F.R. § 240.10b-5)

### VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in co[mplaint]
JURY DEMAND: ☐ YES

### VIII. This case
☐ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 5/31/01

SIGNATURE OF ATTORNEY OF RECORD
[signature]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE ROSEMOND

**In the Matter of**
U. S. Securities and Exchange Commission
v.
Henry T. Pietraszek

Case Number: **01C 4047**

DOCKETED
JUN 0 1 2001

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

U. S. Securities and Exchange Commission

---

**(A)**
SIGNATURE: [signed]
NAME: Helen A. Contos
FIRM: U. S. Securities and Exchange Comm.
STREET ADDRESS: 500 West Madison - Suite 1400
CITY/STATE/ZIP: Chicago, Illinois 60661
TELEPHONE NUMBER: (312) 353-7390
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6224707
MEMBER OF TRIAL BAR? YES ☐ NO ☒
TRIAL ATTORNEY? YES ☒ NO ☐

**(B)**
SIGNATURE: Pravin B. Rao [signed]
NAME: Pravin B. Rao
FIRM: U. S. Securities and Exchange Comm.
STREET ADDRESS: 500 West Madison - Suite 1400
CITY/STATE/ZIP: Chicago, Illinois 60661
TELEPHONE NUMBER: (312) 353-7390
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6230097
MEMBER OF TRIAL BAR? YES ☒ NO ☐
TRIAL ATTORNEY? YES ☒ NO ☐
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

**(C)**
SIGNATURE: Daniel R. [signed]
NAME: Daniel R. Gregus
FIRM: U. S. Securities and Exchang Comm.
STREET ADDRESS: 500 West Madison - Suite 1400
CITY/STATE/ZIP: Chicago, Illinois 60661
TELEPHONE NUMBER: (312) 353-7390
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6193015
MEMBER OF TRIAL BAR? YES ☒ NO ☐
TRIAL ATTORNEY? YES ☐ NO ☒
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

**(D)**
SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES ☐ NO ☐
TRIAL ATTORNEY? YES ☐ NO ☐
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.